# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2523

_____

Georgia Artz; Lisa Belgarde;                    *
Emily Davis; and Sonia Zerr,                    *
                                                *
           Appellants,                          *
                                                *   Appeal from the United States
     v.                                         *   District Court for the
                                                *   District of North Dakota.
                                                *
United States of America,                       *   [UNPUBLISHED]
                                                *
           Appellee.                            *

_____

Submitted: March 14, 2008
Filed: May 2, 2008

_____

Before RILEY, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

     The appellants in this matter, Georgia Artz, Lisa Belgarde, Emily Davis, and
Sonia Zerr, are all employees of the Quentin N. Burdick Memorial Health Care
Facility ("the Facility") which is operated by Indian Heath Services ("IHS"). They

seek reversal of the district court's[1] grant of summary judgment on their Privacy Act claim.  We affirm.

As part of an earlier Privacy Act investigation, the IHS officer in charge of Privacy Act matters prepared an investigative report, concluding that the appellants had violated the Privacy Act rights of certain co-workers.  Those co-workers initiated a lawsuit, and the investigative report was released during discovery in that case.  Subsequently, the appellants initiated this action, contending that their own Privacy Act rights had been violated when the investigative report was released in the prior lawsuit.

We agree, however, with the district court that the investigative report, which was filed chronologically by the Facility and was not subject to being retrieved based on any personally identifiable information, such as name or social security number, was not retrieved from a "system of records" as contemplated by the Privacy Act.  See 5 U.S.C. § 552a(b) ("No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . ."); see also § 552a(a)(5) ("'[S]ystem of records' means a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual . . . ."); Doe v. Dep't of Veterans Affairs, 519 F.3d 456, 463 (8th Cir. 2008) ("Congress limited the type of disclosure that would lead to liability by proscribing only the disclosure of a record 'contained in a system of records,' not the disclosure of all records or information."

---

[1]The Honorable Karen K. Klein, United States Magistrate Judge for the District of North Dakota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

(quoting 5 U.S.C. § 552a(b))). Thus, we affirm the district court's grant of summary judgment. <u>See</u> 8th Cir. R. 47B.

_____